IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-130-BO

| | |
|---|---|
| JATESHA RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| CREDIT ONE FINANCIAL, D/B/A | ) |
| CREDIT ONE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on defendant Credit One Financial's motion to dismiss and compel arbitration pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2–4 [DE 10]. The motion is ripe for adjudication. For the reasons stated herein defendant's motion to dismiss is granted and arbitration is compelled.

## BACKGROUND

In February 2014, plaintiff opened a credit card account with Credit One. The account is government by a "Visa/Mastercard Cardolder Agreement, Disclosure Statement and Arbitration Agreement ("the Agreement"). [DE 10-2]. Though plaintiff made some payments, she has not made payments on her account since July 10, 2014, and the unpaid balance is $644.63. On March 25, 2015, plaintiff filed suit in this Court against Credit One, alleging that Credit One violated the Telephone Consumer Protection Act by placing calls to her cellular telephone in an attempt to collect the past-due balance on her credit card. Defendants argue that plaintiff is precluded from pursuing her claims by a written arbitration agreement.

## DISCUSSION

The Federal Arbitration Act (FAA) gives this Court the authority to compel arbitration. 9 U.S.C. § 4. In deciding whether to do so, Court must determine (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 84 (2002). The district court must " engage[] in a limited review to ensure that the dispute is arbitrable--i.e., that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 453 (4th Cir. 1997) (citations and quotation marks omitted). "Once the court determines that a claim falls within the scope of an arbitration provision, the court has no authority to consider the merits of the claim, even if it appears to be frivolous, and must order the claim to arbitration." *Adkins v. Labor Ready, Inc.*, 185 F.Supp.2d 628, 634 (S.D.W.Va. 2001), *aff'd* 303 F.3d 496 (4th Cir. 2002) (citation omitted).

A party's obligation to submit a matter to arbitration must be founded on a valid and enforceable contract. *Am. Bankers Ins. Group v. Long*, 453 F.3d 623, 626–27 (4th Cir. 2006). The existence of a valid and enforceable contract is governed by the contract formation and interpretation principles of the forum state. *Cara's Notions, Inc. v. Hallmark Cards, Inc.*, 140 F.3d 566, 569 (4th Cir. 1998). Moreover, a party cannot be compelled to arbitrate where no agreement to do so exists. *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). Here, the parties have clearly and unmistakably entered into a contract that contains an arbitration agreement. By "requesting and receiving, signing and using" her Credit One credit card, plaintiff agreed to the terms of the Agreement, including arbitration, and formed a legally binding contract with Credit One. [DE 10–2 at 1].

2

The scope of a valid arbitration clause is governed by the "federal substantive law of arbitrability." *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 417 n.4 (4th Cir. 2000) (internal citation omitted). When construing the scope of an arbitration provision, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself [must be resolved in favor of arbitration." *Cara's Notions, Inc.*, 140 F.3d at 569 (citing *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989)). Plaintiff's credit card account is governed by the Agreement, which provides, in pertinent part, that either party may "without the other's consent, require that any controversy or dispute between [the parties] be resolved by mandatory, binding arbitration." DE 10–2 at 6. Pursuant to the agreement, either party may compel arbitration for any dispute relating to, *inter alia*, the "payments or credits, or collections matters relating to [the] account. *Id.* The agreement further provides that "[a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the broadest way the law will allow it to be enforced." *Id.*

Plaintiff challenges Credit One's right to make telephone calls to the telephone number that she provided to Credit one as her contact number. Because plaintiff's claims concern the "operation and handling of the account and any communication of collection matters relating to the account," they clearly fall within the broad scope of the arbitration clause. *Id.* Accordingly, defendant's motion to compel arbitration is granted.

Upon the granting of a motion to compel arbitration, the Court must determine whether to stay or dismiss plaintiff's lawsuit. *See* 9 U.S.C. §§ 3, 4 (stating that when an arbitration agreement governed by the FAA covers claims that have been asserted in a lawsuit, the Court having jurisdiction over the case must compel arbitration and either dismiss the action or stay

3

further judicial proceedings until arbitration has been held). "Notwithstanding the terms of § 3, however, dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001). Reviewing the terms of the contract at issue in this matter, the Court finds that all of plaintiff's claims are subject to arbitration. Moreover, plaintiff did not offer any arguments or authority as to why a stay would be more appropriate than dismissal of their claims under these circumstances. Accordingly, plaintiff's claims are dismissed and this action is terminated.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 10] is GRANTED and plaintiff Jatesha Rice is compelled to arbitrate her claims against defendant. Plaintiff's claims are DISMISSED in their entirety without prejudice. The clerk is directed to close the file.

SO ORDERED, this the _24_ day of July, 2015.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE